IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No.  09-cr-00410-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HOWARD O. KIEFFER,

        Defendant.

---

### GOVERNMENT'S SENTENCING STATEMENT

---

The United States, hereby files it's sentencing statement in the above captioned case.

### FACTS PROVEN AT TRIAL

1. Howard Kieffer, during the years 2004 through 2008, held himself out to the public as an attorney.  He did this through web sites that he posted on the Internet, through teaching at seminars, and through various representations that he made to lawyers and a private individual.

2. Howard Kieffer represented that he had graduated from Antioch School of Law, Washington, D.C.  This was false.  Antioch School of Law had no record of Mr. Kieffer's attending or graduating from that school.

3. Howard Kieffer was never admitted to practice in the highest court of any state, federal territory, or the District of Columbia.  As such, he was not licensed to practice law.

4. In connection with Count 1 of the Indictment, wire fraud, Mr. Kieffer used his posting on the Internet to attract Steven Bergman, the brother of Gwen Bergman, a defendant in the United States District Court for the District of Colorado, to hire Mr. Kieffer to represent Ms. Bergman. Mr. Bergman and his mother paid Mr. Kieffer $65,750 to represent Ms. Bergman with the Bureau of Prisons and in the United States District Court for the District of Colorado.

5. Mr. Kieffer utilized his posting on the Internet in execution of his scheme to defraud the Bergman's. This posting was utilized throughout 2007.

6. On or about October 1, 2007, Mr. Kieffer filed an application for admission to the bar for the United States District Court for the District of Colorado. On or about October 2, 2007, Mark Fredrickson, Attorney Services Coordinator for the District of Colorado, called Mr. Kieffer and asked Mr. Kieffer where he was admitted to practice law. Mr. Kieffer falsely responded that he was admitted to practice law in the District of Columbia. The District of Columbia bar had no record of Mr. Kieffer's ever being admitted to practice law in that bar.

7. After fraudulently obtaining admission to the bar of United States District Court for the District of Colorado, Mr. Kieffer entered an appearance representing Gwen Bergman in a criminal case in that court. Mr. Kieffer filed pleadings wherein he represented he was an attorney. In May, 2008, Mr. Kieffer represented Ms. Bergman in the trial of her criminal case.

## **SENTENCING FACTORS**

1. Pursuant to U.S.S.G. § 3D1.2 Counts 1 and 2 are grouped. The guideline calculation for these counts is as follows:

> Pursuant to U.S.S.G. § 2B1.1, the base offense level is 7.
> The actual loss to the victims in Count 1 is $65,750, which increases the offense level by 6. However taking into account relevant conduct, the total loss in this case is $324,769, which adds 12 offense levels.
> The Defendant's relevant conduct involved 10 or more victims which adds 2 more levels.
> The Defendant's conduct involved an abuse of a position of trust in that he represented himself to be an attorney, which adds 2 more levels.
> Accordingly, the offense level for Counts 1 and 2 totals 23.

2. Pursuant to U.S.S.G. § 3D1.2 Count 3, Contempt of Court, is not grouped with Counts 1 and 2 because Count 3 does not involve the same victim (the victim in Counts 1 and 2 are the people who hired Mr. Kieffer; the victim in Count 3 is the United States District Court for the District of Colorado). Pursuant to U.S.S.G. § 2J1.1, U.S.S.G. § 2X5.1 applies in determining the offense level for contempt. Pursuant to the latter guideline, the most analogous guideline is to be applied. Given that Mr. Kieffer was convicted of contempt that resulted in an obstruction of justice, guideline 2J1.1 is the most analogous guideline.

The base offense level under 2J1.2 is 14.

> Pursuant to subsection (b)(2), a 3 level increase applies because the contempt resulted in a substantial interference with the administration of justice.
> Mr. Kieffer abused a position of trust in committing this offense and therefore and addition 2 level increase is applicable.
> According, Mr. Kieffer's offense level for Count 3 totals 19.

3. Applying U.S.S.G. § 3D1.4, there are two units, which adds 2 levels to Mr. Kieffer's highest offense level, resulting in a combined offense level of 25.

DATED this 19th day of April, 2010.

        Respectfully submitted,

        CARLIE CHRISTENSEN
        Acting United States Attorney

        /s/ Stewart C. Walz
          By: STEWART C. WALZ
        Special Attorney to the United States
        Attorney General
        KARIN FOJTIK
        Special Attorney to the United States
        Attorney General
        185 S. State St., Suite 300
        Salt Lake City, UT 84111
        (801) 325-3238

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office, a copy of the foregoing GOVERNMENT'S SENTENCING STATEMENT was served, via the ECF system, to the party named below, on this 19th day of April, 2010.

Nathan Dale Chambers, Esq.
1601 Blake St., Ste 300
Denver, CO 80202

/s/ M. Allison
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾