**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 09-cr-00410

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**HOWARD KIEFFER,**

**Defendant.**

_____

**REPORTER'S TRANSCRIPT
(Sentencing Hearing)**
_____

     Proceedings before the HONORABLE CHRISTINE M. ARGUELLO, Judge, United States District Court, for the District of Colorado, commencing at 8:34 a.m. on the 7th day of July, 2010, Alfred A. Arraj United States Courthouse, Denver, Colorado.

**A P P E A R A N C E S**

**FOR THE PLAINTIFF:**
STEWART C. WALZ, U.S. Attorney's Office - Salt Lake City, 185 S. State St., Suite 300, Salt Lake City, UT 84111

**FOR THE DEFENDANT:**
NATHAN D. CHAMBERS, Chambers Dansky & Mulvahill, LLC, 1601 Blake St., Suite 300, Denver, CO 80202

|   |   |
|---|---|
| 1 | **JULY 7, 2010** |
| 2 | (Proceedings commence at 8:34 a.m.) |
| 3 | THE COURT:  You may be seated.  Court calls |
| 4 | Criminal Case No. 09-cr-00410, entitled United States of |
| 5 | America v. Howard Kieffer. |
| 6 | Counsel, would you enter your appearances. |
| 7 | MR. WALZ:  Stewart Walz on behalf of the United |
| 8 | States, Your Honor.  With me is Agent Wilcox at counsel |
| 9 | table. |
| 10 | THE COURT:  Good morning. |
| 11 | MR. CHAMBERS:  Good morning, Nathan Chambers |
| 12 | representing Howard Kieffer.  He is present in custody. |
| 13 | THE COURT:  Good morning. |
| 14 | All right.  For the record, the Court also notes |
| 15 | that Ms. Justine Kozak, representing the United States |
| 16 | Probation Office, is also in attendance at this hearing. |
| 17 | Good morning, Ms. Kozak. |
| 18 | PROBATION OFFICER:  Good morning, Your Honor. |
| 19 | THE COURT:  Mr. Chambers, would you and Mr. Kieffer |
| 20 | please approach the lectern. |
| 21 | Pursuant to <u>United States v. Booker</u>, the Supreme |
| 22 | Court has held that the United States Sentencing |
| 23 | Commission Guidelines are to be applied merely in an |
| 24 | advisory manner.  Thus, although the Sentencing Reform Act |
| 25 | requires me, as the sentencing court, to consider these |

1    guidelines and the ranges therein, I am not only

2    permitted, actually I am required to exercise my judgment

3    to tailor the sentence in light of other statutory

4    concerns.

5         Pursuant to Booker, Rita, Gall and Kimbrough, my

6    responsibility is to impose a sentence that is sufficient

7    but not greater than necessary to satisfy the statutory

8    purposes of sentencing, to consider all of the

9    characteristics of this defendant and the circumstances of

10   the offense, to reject any advisory guidelines that are

11   not based on national sentencing data or empirical

12   research, and to serve their function in the constructive

13   evolution of responsible guidelines.

14        It is my responsibility to consider whether the

15   guidelines fail to properly reflect the 3553(a)

16   considerations, whether they reflect an unsound judgment,

17   whether they treat the defendant's characteristics in a

18   proper way, or whether a different sentence is

19   appropriate.

20        If I so find, then I may vary from the guideline

21   range based solely on policy considerations, including

22   disagreements with the guidelines.  Now, I have conducted

23   the post-Booker three-step process the Tenth Circuit has

24   set forth.  And after carefully reviewing the Sentencing

25   Guidelines and the 3553 factors, I have calculated the

1    applicable guideline range.

2         Once I determined that range, I then needed to
3    determine whether or not a traditional departure was
4    appropriate under the Federal Guidelines.  And then once
5    that was determined, I needed to consider the other
6    factors set forth in 3553(a) to determine whether to
7    impose a sentence under the guidelines or a non-guideline
8    sentence.

9         I have determined that a non-guideline sentence
10   should be imposed because even the 60-month sentence on
11   each count recommended by the probation office, and which
12   pursuant to United States Sentencing Guidelines, Guideline
13   5G1.3(b) recommends that I run concurrent to the sentence
14   Mr. Kieffer received as a result of his crimes in the
15   District of North Dakota, Case No. 08-cr-00054.  That
16   sentence is not sufficient to achieve the statutory
17   purposes of sentencing set forth at 18 United States Code
18   Section 3553(a).

19        Now, Mr. Kieffer, the root of your scheme and
20   conduct throughout the years has been deception.  You
21   utilized in this case prior admissions to other district
22   courts to gain your admission to this Court, and you then
23   represented a defendant in a very serious criminal trial.
24   You used your knowledge of the federal court system and
25   the admissions process to take advantage of not only the

1    public, but of this Court.

2             Additionally, you deceived other attorneys, and you
3    utilized those friendships with those attorneys, who would
4    vouch for your admission.  And you took hundreds of
5    thousands of dollars from people who were perhaps at the
6    most vulnerable point in their lives.

7             Your deceptive and criminal behavior dates back
8    more than 30 years and includes several felony convictions
9    for grand theft, forgery, false claims, mail fraud and
10   false statements.  Now, I took a look at the presentence
11   investigation report, and dating back to age -- I won't
12   even consider the illegal possession of a bird.  Dating
13   back to 1976, when you were 20, you had possession of
14   stolen mail; 60 pieces of mail containing checks totalling
15   $48,000, for which you were given probation and zero
16   points were calculated.

17            That same year, you had a charge for possession of
18   a bad check or money order.  You were given 12 months
19   probation and zero points were added to the criminal
20   history calculation.  That same year, you had a reckless
21   driving charge which stemmed from your using illegal
22   intoxicants and driving.  That was pled down to reckless
23   driving, and you got 6 months probation and zero points.

24            In 1983, at age 28, you pled guilty to grand theft;
25   using your employer's credit card.  You were given 3 years

1    probation, 6 months in jail.  And two years later, your
2    probation petition -- or a probation petition violation
3    was submitted alleging that you had fraudulently used
4    other credit cards belonging to a former employer.  You
5    received zero points for that criminal violation.
6         In 1985, at age 29, you pled guilty to forgery;
7    offering a false statement or forged instrument, and this
8    related to your making a false grant of deed from a
9    deceased victim, and then taking out a loan on her
10   property.  For that you were given 3 years probation and 6
11   months in jail, and you received zero criminal history
12   points.
13        A few months later, a probation violation petition
14   was filed against you because you, again -- well, it was
15   use of the corporate American Express Card that you had
16   used prior of a former employer.
17        In December of 1985, at age 30, you pled nolo
18   contendere to petty theft and receiving stolen property.
19   Two years later, you pled nolo contendere to unauthorized
20   connection of a cable.  You received zero points for
21   either of those.
22        Finally, in 1989, at age 33, you were found guilty
23   of false claims against the United States, pursuant to
24   which you had taken checks or filed false income tax
25   returns and received $157,113 in funds to which you were

1    not entitled.  There you did receive 5 years of
2    imprisonment and 3 criminal history points.
3             In 2008, in this North Dakota case, you were found
4    guilty of mail fraud and making false statements, for
5    which you received 51 months of imprisonment, and that is
6    the sentence you are currently serving.
7             You have shown, Mr. Kieffer, profound disrespect
8    for the Court system based on your continuous false
9    representations and your prior probation violations in all
10   of your cases.  And many of your violations allege new
11   criminal and fraudulent conduct.  Clearly, you do have a
12   history of misleading others and engaging in manipulative
13   and fraudulent conduct.
14            And it is my finding that your criminal history
15   score, as calculated under the United States Sentencing
16   Guidelines, underrepresents the seriousness of your
17   criminal history and the danger that you present to the
18   public based on your repeated pattern of taking advantage
19   of others.
20            In addition, although both the Government and you
21   refer to United States Sentencing Guideline 5G1.3, in
22   terms of my having -- recommending that I run the sentence
23   that I impose concurrent with your North Dakota case, I
24   find that that guideline does not fit in your
25   circumstances because that will result in a much lower

1    sentence than you deserve.

2          Therefore, I'm continuing this sentencing hearing.

3    I am putting you on notice that I intend to upward depart.

4    If you all wish to file briefing, I would like some

5    briefing on whether I am bound by 5G1.3 in light of

6    Booker, Fanfan, Gall, Kimbrough and all of the others.

7    Because I don't -- it is my position that I am not bound

8    by that.  It is a recommendation, and I don't feel that

9    the factors are met in this case.

10          And you can submit whatever briefing you want on an

11   upward departure, but I do not believe that a sentence of

12   60 months, which would run concurrent, is sufficient for

13   the crimes that this gentleman has committed.  So I am

14   going to continue the sentencing hearing.

15          Ms. Barnes, when can we reset it?

16          COURTROOM DEPUTY:  How far out would you like to

17   continue?

18          THE COURT:  How long do counsel need to brief the

19   issues?

20          MR. WALZ:  A couple weeks, Your Honor.  My schedule

21   makes it very difficult for me to get here before the week

22   of August 2nd.  If the Court could set it that week that

23   would be much appreciated.

24          THE COURT:  Mr. Chambers?

25          MR. CHAMBERS:  I will be out of town from July

```
 1   27th -- leaving July 27th, returning either August 10th or
 2   11th, whatever that Tuesday is .
 3             THE COURT:  Let's look into mid to late August,
 4   then.  I did have a trial, I believe, scheduled.  I can do
 5   it -- Ms. Barnes?
 6             COURTROOM DEPUTY:  August 16th at 9 o'clock.
 7             THE COURT:  Mr. Chambers, will that give you enough
 8   time to address the issues I would like addressed?
 9             MR. CHAMBERS:  Certainly.  I can get something
10   filed hopefully before I leave town, if you give us two
11   weeks to get something on file with the Court, and then
12   August 16th is fine.
13             MR. WALZ:  I am sorry, I didn't mean to interrupt.
14   What day of the week?
15             COURTROOM DEPUTY:  Monday.
16             MR. WALZ:  On August 16th, I think I have to go
17   farther east after that, so that would be great.
18             THE COURT:  The rescheduled sentencing date will be
19   reset for Monday, August 16th, at 9:00 a.m.
20             COURTROOM DEPUTY:  Yes, Your Honor.
21             THE COURT:  All right.  Counsel, is there anything
22   further?
23             MR. WALZ:  Not from the United States.
24             MR. CHAMBERS:  What is the deadline for us?
25             THE COURT:  If you can file further briefing within
```

```
 1    14 days, that would be fine.
 2              MR. CHAMBERS:  Thank you.
 3              THE COURT:  If there is any reply briefs to be
 4    filed, those should be filed within 7 days --
 5              MR. WALZ:  Thank you, Your Honor.
 6              THE COURT:  -- of the filing of the original
 7    briefs.  Okay.
 8              MR. WALZ:  Thank you.
 9              THE COURT:  All right.  Mr. Chambers, if you are
10    out of town and you need additional time, just file
11    something with me and I will grant you that additional
12    time.
13              MR. CHAMBERS:  Thank you, Your Honor.
14              THE COURT:  All right.  If there is nothing
15    further, Court will be in recess.
16              (Court is in recess at 8:46 a.m.)
17
18
19
20
21
22
23
24
25
```

```
 1
 2              R E P O R T E R ' S   C E R T I F I C A T E
 3
 4         I, Darlene M. Martinez, Official Certified
 5   shorthand Reporter for the United States District Court,
 6   District of Colorado, do hereby certify that the foregoing
 7   is a true and accurate transcript of the proceedings had
 8   as taken stenographically by me at the time and place
 9   aforementioned.
10
11
12
13         Dated this 12th day of July, 2010.
14
15
16
17         _____
18         s/Darlene M. Martinez
19         RMR, CRR
20
21
22
23
24
25
```