IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Christine M. Arguello**

Civil Action No. 18-cv-02771-CMA
Criminal Action No. 09-cr-00410-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HOWARD O. KIEFFER,

    Defendant/Movant.

**ORDER DENYING MOTION FOR LEAVE TO CONDUCT DISCOVERY**

This matter is before the Court on Petitioner Howard Kieffer's Motion for Leave to Conduct Discovery. (Doc. # 287.) The Government filed its Response on February 18, 2019. (Doc. # 289.) After reviewing the parties' briefing, the pertinent record, and the applicable law, the Court denies Petitioner's Motion for the reasons that follow.

## I.    ANALYSIS

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2255 Proceedings provides that "[a] judge *may*, for good cause, authorize a party to conduct discovery . . . ." A petitioner may show good cause by presenting "specific allegations" that give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Generalized statements regarding the possibility of the existence of discoverable material cannot yield "good cause." *Beltran v. Keyser*, No. 15-CV-7201 (CBA), 2018 WL 1175134, at *2 (E.D.N.Y. Mar. 5, 2018) (citing *Gonzalez v. Bennett*, No. 00-CV-8401, 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001)). Similarly, "[m]ere speculation" over exculpatory material is "unlikely to establish good cause for a discovery request on collateral review." *Strickler v. Greene*, 527 U.S. 263, 286 (1999). Furthermore, "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'" *Ruine v. Walsh*, No. 00-CV-3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005) (quoting *Charles v. Artuz*, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998)). In all cases, the petitioner "bears a heavy burden in establishing a right to discovery." *Beltran*, 2018 WL 1175134, at *2 (quoting *Renis v. Thomas*, No. 02-CV-9256 (DAB), 2003 WL 22358799, at *2 (S.D.N.Y. Oct. 16, 2003) (citing *Bracy*, 520 U.S. at 904)).

In the instant case, Petitioner has not shown good cause to be entitled to discovery. In his Motion, Petitioner asserts that "the lawyers participating in his indictment and prosecution lacked the authority to participate as none had been personally appointed by the Attorney General, nor any such official of the Department of Justice to whom such authority had been properly delegated." (Doc. # 287 at 2.) Accordingly, Petitioner's discovery request seeks documents from the past eleven years which, Petitioner argues, will show that the government lawyers in question "were not properly appointed as special attorneys to the Attorney General and/or that such appointments did not continue to be maintained through all critical stages of the

underlying matter." (*Id.* at 8.)

However, Petitioner has not presented any evidence to support the proposition that the government attorneys at issue were not properly appointed. Without more, Petitioner's conclusory allegations are inherently speculative and unsubstantiated. Additionally, Petitioners broad discovery request does not suggest the existence of any evidence that has not been produced or which could advance his section 2255 claims. In sum, Petitioner's Motion is a "mere fishing expedition" of the sort that is "routinely denied by district courts." *Guastella v. United States*, Nos. 06 Civ. 2924 (SAS), 98 CR 1325-01 (SAS), 2009 WL 1286382, at *16 (S.D.N.Y. May 8, 2009); *see, e.g.*, *Renis*, 2003 WL 22358799, at *2 (denying discovery motion where "requests are vague and overbroad, and [petitioner] has asserted no particularized reasons justifying their wide scope"); *Perez v. United States*, 274 F. Supp. 2d 330, 336 (E.D.N.Y. 2003) ("Where, as here, the request for discovery is a mere fishing expedition, the Court will not grant it."); *Munoz v. Keane*, 777 F. Supp. 282, 287 (S.D.N.Y. 1991) ( "[P]etitioners are not entitled to go on a fishing expedition through the government's files in the hopes of finding some damaging evidence.").

## II.    **CONCLUSION**

Based on the foregoing reasons, it is ORDERED that Petitioner's Motion for Leave of Court to Conduct Discovery (Doc. # 287) is DENIED WITHOUT PREJUDICE.

Dated: March 6, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge