IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**District Judge Christine M. Arguello**

Civil Action No. 18-cv-02771-CMA
Criminal Action No. 09-cr-00410-CMA-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HOWARD O. KIEFFER,

    Defendant/Movant.

## ORDER

This matter is before the Court on Defendant Howard O. Kieffer's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 281) ("Motion"). The Motion is denied for the following reasons.

### I.  BACKGROUND

Howard Kieffer, is not, and has never been, a lawyer. (Doc. # 142, p. 1). For more than a decade, however, he pretended to be one, taking on numerous clients and appearing in federal courts across the country. (Doc. # 142, p. 2). Kieffer defrauded his clients out of hundreds of thousands of dollars. (Doc. # 142, pp. 2-3).

Kieffer's fraud was eventually found out. In 2010, Kieffer was tried and convicted in this Court of wire fraud, making false statements to federal officials, and contempt of court. He was sentenced to a total of 88 months in prison.[1] Kieffer appealed his

---

[1] Kieffer was sentenced to 88 months imprisonment on the wire fraud conviction, 60 months on the false statement conviction, and 37 months on the contempt conviction. However, his sentences were ordered to run concurrently with one another, making his total period of

conviction and sentence to the Tenth Circuit Court of Appeals, which ultimately affirmed the conviction and sentence. (Docs. ## 142, 225, 238, 252).

Kieffer now challenges his sentence on five grounds. He argues that: (1) the Assistant United States Attorneys who prosecuted him were not properly appointed; (2) there was no factual basis for his contempt conviction; (3) his contempt conviction was improperly characterized as a felony; (4) his sentence was calculated incorrectly; and (5) the Court's upward variance in sentencing violated double jeopardy. (Doc. # 281). The Court rejects each of these arguments.

## II.     STANDARD OF REVIEW

### A. PRO SE STANDARD OF REVIEW

Kieffer is proceeding *pro se*. Therefore, ironically, the Court must "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys" – even though Kieffer pretended to be an attorney for many years. *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

### B. STANDARD OF REVIEW FOR § 2255 MOTIONS

Under 28 U.S.C. § 2255, a prisoner in federal custody may challenge his sentence on the basis that "the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The reviewing court must set aside the conviction if it determines that the sentence is unconstitutional or unlawful. 28 U.S.C. § 2255(b). However, if the motion

---

incarceration only 88 months.

and other documents before the court "conclusively show that [the d]efendant is not entitled to relief," the court may deny the motion without an evidentiary hearing. *United States v. Bernhardt*, No. 96-CR-203-WJM, 2020 WL 2084875, at *1 (D. Colo. Apr. 30, 2020); *see also See Hedman v. United States*, 527 F.2d 20, 21 (10th Cir. 1975).

### III.   DISCUSSION

### A.   QUALIFICATIONS OF AUSAs

Kieffer first argues that his conviction and sentence cannot stand because the federal prosecutors who tried his case were not "properly appointed." (Doc. # 282, p. 3). Specifically, Kieffer contends that the Government has failed to show an "unbroken 'chain of delegation'" of prosecutorial authority from the United States Attorney General to the Assistant United States Attorneys ("AUSAs") who tried this case. This argument fails for several reasons.

First, Kieffer cites no authority – and the court finds none – to suggest that the Government is required to prove "chain of delegation" to sustain a conviction.

Next, Kieffer's argument is belied by the record. The record shows that the AUSAs who tried Kieffer's case were appointed by the United States Attorney General in accordance with 28 U.S.C. § 515. (*See* Doc. # 284-4 (appointment letter)). Kieffer cites no authority to suggest that additional proof of "chain of delegation" is necessary.

Third, because Kieffer failed to raise this issue either at trial or in any of his four appeals, he is barred from raising it in a § 2255 Motion. *See Bousley v. U.S.*, 523 U.S. 614, 621 (1998).

Finally, Kieffer has failed to show that he was prejudiced by the allegedly improper appointment of his prosecutors. Kieffer apparently concedes that the prosecutors who tried his case conducted themselves appropriately, and he cites no authority to suggest that his conviction must be vacated due to a mere procedural deficiency in their appointment. Therefore, this argument fails.

**B.    KIEFFER'S CONTEMPT CONVICTION IS VALID**

Kieffer next contends that his contempt conviction cannot stand because "[t]he District Court 'Rule' on which [it] is based is not the Type of 'Rule' Contemplated by the [Criminal Contempt] Statute[.]" (Doc. # 282, p. 6 (emphasis in original)). The Court disagrees.

Kieffer was convicted of criminal contempt under 18 U.S.C. §§ 401(1) and 401(3). That statute provides, in relevant part, that the Court "shall have the power to punish by fine or imprisonment, or both, . . . (1) Misbehavior of any person in its presence . . . [and] (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." Kieffer was convicted under both subsections (1) and (3). (*See* Doc. # 45 (superseding indictment) *and* Doc. # 76 (verdict form)). He now argues however, that the "rule" he disobeyed – the local rule requiring that an attorney be licensed to practice law before appearing before this Court – is not the type of "rule" that the contempt statute referred to. This argument fails for at least two reasons.

First, a jury found Kieffer guilty of contempt under both § 401(1) and § 401(3). (Docs. ## 45, 76).[2] Therefore, even if the Court were to vacate his contempt conviction

---

[2] Kieffer does not challenge the language of the indictment, the jury instructions, or the verdict form.

under § 401(3), he would still stand convicted of contempt under § 401(1).

Further, the weight of authority contradicts Kieffer's argument. Numerous courts have held that a criminal conviction under § 401 may be based upon a violation of a court's local rules. *See, e.g., United States v. Payne*, 2004 WL 1879993 (N.D. Ill., August 12, 2004); *United States v. Kozel*, 908 F.2d 205, 208 (8th Cir. 1990); *United States v. Marthaler*, 571 F.2d 1104, 1105 (9th Cir. 1978). The Court agrees with the reasoning of those courts. Therefore, the Court finds no basis to overturn Kieffer's contempt conviction.

C.   **KIEFFER'S CONTEMPT SENTENCE IS VALID**

Kieffer next contends that contempt is a "sui generis" offense rather than a felony, and that the Sentencing Guidelines therefore do not apply. (Doc. # 282, pp. 8-9). Therefore, he argues, his contempt sentence must be vacated. This argument fails.

First, Kieffer does not dispute that he failed to raise this argument at trial or in any of his many appeals. A claim that has not been raised at trial or on direct review cannot be raised on collateral review. *See Bousley*, 523 U.S. at 621. Therefore, the Court need not address this argument.

Further, even if Kieffer's claim were not procedurally barred, Kieffer fails to articulate why the classification of his contempt conviction is relevant. Kieffer concedes that the Court had discretion to impose a "wide range of sentences" for his contempt conviction, (Doc. # 282, p. 9), and there is apparently no dispute that the Court sentenced him within that "wide range" of available sentences. (Do. # 282, pp. 8-9). Therefore, Kieffer has failed to demonstrate that his contempt sentence is illegal, and he

is not entitled to relief under § 2255.

### D.      KIEFFER'S SENTENCE WAS CALCULATED CORRECTLY

Kieffer next contends that the Court calculated the guideline sentencing range incorrectly, in violation of 18 U.S.C. § 3553(a). This argument fails.

Barring extraordinary circumstances, claims of non-constitutional error in the application of the Sentencing Guidelines cannot be raised in a § 2255 motion. *See United States v. Pregent*, 290 F.3d 279, 283-84 (4th Cir. 1999); *see also Buggs v. United States*, 53 F.3d 439, 443 (7th Cir. 1998); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1988); *United States v. Payne*, 99 F.3d 1273, 1291-82 95th Cir. 1996), *Graziano v. United States*, 83 F.3d 587 (2nd Cir. 1996), *Auman v. United States*, 67 F.3d 157 (8th Cir. 1995); *United States v. Schlesinger*, 49 F.3d 483 (9th Cir. 1994); *Knight v. United States*, 37 F.3d 769 (1st Cir. 1994). Accordingly, this claim must be denied.

Further, the Tenth Circuit has already addressed Kieffer's objections to this Court's guideline calculations. *See United States v. Kieffer*, 681 F.3d 1143 (10th Cir. 2012 (*Kieffer I*), *United States v. Kieffer*, 596 Fed.Appx. 653 (10th Cir. 2014) (*Kieffer II*), *United States v. Kieffer*, 638 Fed.Appx. 746 (10th Cir. 2016) (*Kieffer III*), *and United States v. Kieffer*, 702 Fed.Appx. 734 (10th Cir. 2017) (*Kieffer IV*). The Tenth Circuit ultimately affirmed this Court's guideline calculations. (*See Kieffer III*). A federal prisoner who raises a claim that has been decided on direct review ordinarily cannot attempt to raise and relitigate that same claim in a subsequent § 2255 motion. *Withrow v. Williams*,

507 U.S. 680 (1993). Accordingly, the Court rejects Kieffer's attempt to relitigate the Court's guideline calculations.

### E. KIEFFER'S SENTENCE DOES NOT VIOLATE THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT

Finally, Kieffer argues that the upward variance imposed on his sentence violates the double jeopardy clause. The Tenth Circuit has already addressed and rejected this claim, and Kieffer cannot now relitigate it. *United States v. Kieffer*, 596 Fed.Appx. 653, 662 (10th Cir. 2014); *Withrow v. Williams*, 507 U.S. 680 (1993). Accordingly, this claim should be denied.

### IV. CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." Such a showing is made only when "a prisoner demonstrates 'that jurists of reason would find it debatable' that a constitutional violation occurred, and that the district court erred in its resolution." *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The Court will not issue a certificate of appealability in this case because Mr. Kieffer has not made a substantial showing of the denial of a constitutional right.

## V. **CONCLUSION**

For the foregoing reasons, Kieffer's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 281) is DENIED.

DATED: December 30, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge